His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, ¿s follows:
This is a suit for the recovery of the value of 28 ash logs alleged to have been entrusted to the defendant for carriage, and not delivered by it.
The suit was filed October 29, 1914.
Plaintiffs allege that they are a commercial firm composed of Karl Adler and Harry Daponte; that they are the pledgees of H. Daponte & Co. of the following claim against the defendant company: That on or about December 6, 1911, the said H. Daponte & Co. shipped from Stevensdale, La., to shipper’s order at New Orleans 28 ash logs; that said logs were loaded by the defendant company on car “I. C. No. 102,030” and arrived at New Orleans on December 1, 1911; that the defendant company notified petitioner of the arrival of said car; but that instead of making delivery the company informed petitioner that the car and its contents had been lost; wherefore petitioner prays for the value of the 28 logs.
The defendant pleaded a general denial, and further averred that on December 7, 1911, Dan Whitty shipped 28 ash logs to H. Daponte & Co., New Orleans, from Stevensdale over defendant’s road in “I. C. car 102,039”;. but that the last figure of the car number was blurred and the agent of the company erroneously entered the number of the car on the bill of lading as No. 102030 instead of 102039, for the' truth was that' the car No. 102030 was on December' 7, 1911, at Crystal Springs, Mississippi; that the car No. 102039 arrived in New Orleans and was delivered to H. Daponte & Co. on, April 18, *484 1912; the defendant admits that it gave notice of the arrival of car ‘ ‘ 102030 ’ ’; bnt that it was an error caused by the wrong number on the bill of lading as above stated; and that said notice should have referred to car 102039; that on December 7,1911, there were only two cars loaded with ash logs at Stevensdale consigned to H. Daponte & Co., that is “I. C. car No.115354 containing 31 ash logs and I. C. car No. 102039 containing 28 ash logs, both of which were delivered to H. Daponte & Co..
There was judgment for plaintiff and defendant has appealed.
Harry Daponte is the only witness on behalf of the plaintiff. He swears that between December 5th or 7th he shipped three cars and received three bills of lading for them, for cars 102030-162030 and 115354; that he superintended the partial loading of all three cars; he produced two notices of the arrival of cars Nos. 102030 and 162030 each for 28 ash logs; he knew the No. 162030 was a mistake; it should have been 102039; that car was received five months afterwards so he sent the bill of lading for car 102030 to J. W. Cousins, Claim Agent of the defendants, and filed in evidence the two others for cars 162030 and 115354; the arrival notice gives the weight of car No.162030 as 37,000 and of car 101030 as 43,700 pounds; he shipped about six or seven or eight cars at that time; on December 5th he shipped cars 102030, 102039 and 115354; the numbers on the cars were blurred and rubbed out and indistinct, and that is all they could make out; there is no such car as 162030; he received two cars; one of them was 102039 erroneously described by the No. 162030; he knows the last two. numbers apply to the same car because the weight and freight on both was 37000 pounds and $18.50; cars 102039 (162030) and 115354 were delivered to him; No. 102030 was not delivered; the *485 bills of lading were not surrendered by him, as that is not required in a straight bill of lading consigned to a designated person and not negotiable; he did not make a record of all the numbers of the cars shipped by him from Stevensdale on December 5, 1911, only the amount and number of logs; Dan Whitty is employed by him hauling logs; the bills of lading and the numbers are in the handwriting of his brother j Steve Whitty; the logs on each car had a different mark; on one was a black circle and on the other was a star; one car was loaded with hickory, another with logs 14x16 and a third with smaller logs; they were .destined for different points and were divided in four or five cars; the 28 ash logs ran from 14 feet up and were marked with a black circle, and the smaller ones with a star; he is claiming the ones marked with a black circle.
On the other hand the defendant establishes by the testimony of W. J. Cousins, its claim agent, that bills of lading at stations where the railroad has no agent are made out by the shipper and signed by the conductor; that the way bill'is made out by the bill clerk of the railroad from the bill of lading, and that the arrival notices are issued from the way bills; the number 162,080 cannot be correct as it is the number of an automobile car; it wa,s intended for 102030; but 102030 was not in New Orleans on that date.
F. C. Iiattick was local freight conductor for the railroad in December, 1911; on December 7th, he signed two bills of lading at Stevensdale for two shipments made by Dan Whitty, one for 31 ash logs in car No. 115354 and another for 28 ash logs in car No. 102030; the bills of lading were made by the shipper; his records show he moved cars 102039 and 115354, but not car 102030; if he *486 signed the hill of lading for car 102030 it was an error; he took the No. 102039 from the car itself; he did not handle car 162030 from Stevensdale to New Orleans in December, 1911; he was the only conductor who handled cars on that branch of the road from the 1st to the 15th of December, 1911; Mr Daponte did not ship three cars on that line on or about December 6th, 1911, because there were only two empty cars that he placed there on the 4th for loading; he gathers this knowledge from his records; he did not sign three bills of lading; the bill of lading could not have been issued and signed by anybody else on December 7th; he did not have car 162030 nor 102030.
W. A. Crum, agent of I. C. Railroad at Crystal Springs, Mississippi, in December, 1911, swears that from his records car 102030 was at Crystal Springs on December 7th, 1911, it was there from the 6th to the 14th; it came from Elton, Mississippi.
G-eorge Wildes, Jr., was freight agent at Baton Rouge in December, 1911, and as such made out way bills; having been requested to find car 102030 containing 28 ash logs he investigated and found 'that the number was wrong and that it should have been 102039 and made a report accordingly; and 'that the car was in the yard; the error in the arrival notice and in the way bill originated from the error in the bill of lading made out by the shipper; the bill of lading on ninety per cent of the shipments are written by the shippers; the numbers on cars are sometimes indistinct; McElwee was once in the employ of the Company but on December 7th, 1911, he was not on the Stevensdale run; the figures 8-16 written below the name of McElwee mean August 16th.
R. W. McElwee, was conductor in 1911 and it looks very near his signature .affixed to the bill of lading for *487 car purporting to bear No. 162030 for 28 ash logs; it is dated- on top- December 7; down below his signature are the figures 8-16, which would indicate the date that he signed it to be August 16th; the railroad has no cars in that series 162030; the No. 102030 would be a “coal car”; on August 16th, 1912, he also signed two bills of lading dated August 15th, for Magnolia logs shipped by C. S. Whitty to H. Daponte & Co., in New Orleans; there was only one conductor on that branch of the road; the three bills of lading signed by him appear to have been written by the .same person, but the date on the top of the bill of lading — “Dec. 7” — for 28 ash logs for car 162030 signed by him .on August 16th seems to have been tampered with or changed.
The rule of law is that plaintiff must make his case certain, to make it probable is not .sufficient.
Plaintiff’s case is based upon his testimony that on December 7,1911, he shipped three cars of logs, and that only two were delivered to him. The best evidence of that fact, as matter of course, would have been the three bills of lading, which the plaintiff declares the defendant delivered to him on that date. Plaintiff says he mailed the bill of lading .sued on for car 102030 to the defendants at their request; and they offered in evidence and filed in the record the two other bills of lading for cars 162030 and 115354. But it is evident that the bill of lading for car 162030 is not a bill of lading issued to plaintiff by the defendant on December 7th, 1911. The receipt is dated August 16th, and is signed by one who was not a conductor for the defendant in December, 1911, and a name different from the conductor who signed the other two bills of lading, and by a different shipper. There are other appearances about the bill of lading *488 which it is unnecessary to advert to, but which leave the conviction in our minds that it was not issued in connection with the transaction under consideration.
Perhaps Dan or Steve Whitty might have thrown some light on the subject.
But the numbers on the cars only furnish a facility for the identification and delivery of the merchandise carried, and if plaintiff has received the logs he says he shipped he has ho cause of complaint. He testifies that on December 7th, he shipped three cars, one of hickory, another of 28 ash logs, and a third of smaller ash logs. He does not complain that he did not receive the hickory logs;' and he admits having received car 162030 (or 102-039) for 28 ash logs, and car 115354 for 31 ash logs. He does not pretend that he shipped on the same day two cars containing each 28 ash logs. We conclude therefore that he has received all the logs he is entitled to, and that he is in error when he claims a second car of 28 ash logs. It is a singular coincidence that the two arrival notices for cars 102030 and 162030’ are both for 28 ash logs. They appear to us to represent 'the same shipment of the same 28 logs, as there was not a double shipment of the same number of same logs on the same day. The No. 162030 was an error. Plaintiff and other witnesses testify to that fact. We remain satisfied that on December 7, 1911, plaintiff received at Stevensdale only two bills of lading for two cars; No. 102030 (which should have been 102039) for 28 ash logs which were delivered to plaintiff in April, 1912, and No. 115354 for 31 ash logs which were delivered in January, 1912; and that no bill of lading was issued for car 162030 on December 7, 1911.
It is therefore ordered that the judgment of the District Court be reversed and annulled and that plaintiff’s demand be rejected at his cost in both Courts.
*489 Opinion and decree, June 26th, 1916.
Rehearing refused, June 30th, 1916.
Judgment reversed and plaintiff’s demand rejected.